## Pollow v. Henry L. Doherty & Company.

*Harry Shapiro* for plaintiff; *W. Logan MacCoy*, for defendant.

MARTIN, P. J., April 3, 1930.—In this action in *assumpsit*, plaintiff filed a statement of claim alleging that on Sept. 25, 1929, she entered into a written

contract in which she agreed to purchase from defendant 100 shares of Cities Service Company common stock at 50 per share; that she paid $750 as an initial payment, and agreed to pay $515 on the first day of each month thereafter, beginning Nov. 1, 1929, until the balance of the purchase money was paid, and that, in a second contract, she agreed to purchase fifty shares of Cities Service Company common stock at 50, that she paid $250 as an initial payment, and agreed to pay the balance in instalments of $267.50 on the first day of each month, beginning Nov. 1, 1929.

Each contract contained a provision that it became "automatically canceled if the purchaser's payments due on the first of each month are not made on or before the first of the following month; and, in such event, the company will refund the amount theretofore paid, less or plus, as the case may be, the difference between the contract price and the market bid price on the 15th of the month preceding; and less, also, an amount as liquidated damages equal to 10 per cent. of such market bid price." Copies of the contracts are attached to the statement of claim, and it is averred that the instalments that fell due Nov. 1, 1929, have not been paid, that the contracts were automatically canceled, and plaintiff became entitled to receive from defendant the amounts she had paid, together with the difference between the price per share called for by the contracts and the market bid price of the stock prevailing on Oct. 15, 1929, which was $68.12½, and that she is entitled to receive from defendant $1000 paid by her and $1368.75, being $68.12½ per share, less 10 per cent., or $1346.88.

An affidavit of defense was filed averring that, under the terms of the contracts set forth in the statement of claim, plaintiff was not in default until Dec. 1, 1929, with respect to the payments due on Nov. 1st; that the contracts were canceled on Dec. 1st, and settlement should be made as of Nov. 15, 1929.

The construction of the contracts claimed by defendant was sustained by the New York City Court in the case of Levy v. Doherty, reported in the Law Journal of Jan. 22, 1930. In that case it was said by Wendel, J.: "To hold, as contended by plaintiff, that the default took place when she failed to make the payment due on Nov. 1st, and that the market bid price of Oct. 15th should govern, would enforce a contract that permitted the plaintiff to speculate upon the rise or fall of the market price of the stock purchased. . . . The court cannot lend itself to such an interpretation. A view more consonant with fair dealing and which carries into effect the intendment of the parties, as expressed in the language employed by them, is that which holds that, while the monthly instalment became due on Nov. 1st, there was no default until the expiration of the month of arrears. Then, on Dec. 1, 1929, the instalment remaining unpaid, the contract became automatically canceled, pursuant to its provision for cancellation, and the 'preceding month' must be taken to mean November. Up to Dec. 1st the mutual rights and obligations of the parties, as agreed upon in case of cancellation, had not taken form; they were inchoate and unenforceable; the power to continue or terminate the contract during the month of arrears was entirely with the plaintiff."

This decision has been affirmed by the Appellate Term of the Supreme Court.

And now, April 3, 1930, the affidavit of defense raising questions of law is sustained. Plaintiff is allowed fifteen days within which to file an amended statement of claim.